UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MIAMI DIVISION

PATRICIA MARTZ,

Plaintiff,
vs.

CARNIVAL CORP., d/b/a
CARNIVAL CRUISE LINES, INC.,

Defendant.
_________________________________/

# COMPLAINT

COMES NOW, the Plaintiff, PATRICIA MARTZ, by and through undersigned counsel, and sues the Defendant, CARNIVAL CORP., d/b/a CARNIVAL CRUISE LINES, INC. and further states as follows:

## JURISDICTIONAL AND VENUE ALLEGATIONS

1. This is a cause of action for damages in excess of $75,000.00, exclusive of interests and costs.

2. Plaintiff, PATRICIA MARTZ, is *sui juris*, and a citizen and resident of the state of FLORIDA.

3. Defendant CARNIVAL CORPORATION (CARNIVAL) is a Panamanian corporation with its principal place of business in Miami-Dade County, Florida. At all times material Defendant CARNIVAL CORPORATION does business under the fictitious name of CARNIVAL CRUISE LINES, INC. For jurisdictional purposes, CARNIVAL is both a citizen of Panama and a citizen of Florida.

4. This is a cause of action which is brought in the District Court for the Southern District, Florida pursuant to 46 U.S.C. 740, Admiralty Rule 9 (h), and the forum selection clause of Plaintiff's passenger cruise ticket with Defendant. There is no diversity of citizenship. Plaintiff is a citizen and resident of resident of the state of Florida. In addition, jurisdiction also exists pursuant to 28 U.S. C. 1333 because this is a maritime cause of action.

5. At all times material hereto, the Defendant has conducted ongoing, substantial and not isolated business activity in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all times material, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers including the Plaintiff.

7. In its ticket contract with Plaintiff, Defendant requires fare-paying passengers like Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this court.

8. Venue is also proper in this district because the Defendant's principal place of business is located within this district.

## GENERAL ALLEGATIONS

9. Plaintiff has complied with all conditions precedent to bringing this action.

10. Defendant owed Plaintiff a duty of reasonable care in the circumstances.

11. On or about April 8, 2016, the Plaintiff was injured aboard Defendant's cruise ship SUNSHINE as a result of noxious and harmful diesel fumes infiltrating Plaintiff's

passenger cabin through the air vent on a regular, ongoing and continuous basis over a four to five day period while she was on the ship..

12. On the aforesaid date, Defendant owned and/or operated the CARNIVAL SUNSHINE.

**COUNT ONE-NEGLIGENCE IN MAINTAINING A PASSENGER CABIN**

13. Plaintiff reavers and realleges paragraphs One through Twelve as if set forth herein.

14. Beginning on the aforesaid date and continuing for four to five straight days, the Plaintiff was subjected to noxious and harmful fuel and diesel fumes infiltrating her passenger cabin of the CARNIVAL SUNSHINE.

15. The CARNIVAL SUNSHINE is an older cruise ship formerly known as CARNIVAL DESTINY that underwent a major overhaul and transition in dry dock. Subsequent to those repairs, upon information and belief, SUNSHINE has been plagued by operational problems pre-existing the hazardous conditions encountered by Plaintiff.

16. The Defendant failed to exercise reasonable care in the circumstances by failing to keep noxious and harmful fumes from entering Plaintiff's passenger cabin though it had ample and sufficient notice and time to do so.

17. The Defendant had actual knowledge of the problem of noxious fumes entering Plaintiff's cabin during the entire four to five day period Plaintiff was subjected to these harmful and noxious fuel fumes but refused to give Plaintiff another cabin, even though Plaintiff requested same and advised she was susceptible to respiratory ailments. Defendant lied to Plaintiff or misrepresented that it had no empty cabins to move Plaintiff to when empty cabins did in fact exist and Defendant had moved other passengers who were also assaulted by the noxious diesel fumes.

18. On or about the aforesaid date, Plaintiff suffered serious personal injury while she was

aboard SUNSHINE by reason of unreasonably dangerous and noxious fumes entering her cabin through the air-conditioning system while she occupied the cabin.

19. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

a. Failing to properly maintain a passenger cabin in a reasonably safe, and healthy condition, and/or;

b. Failing to move Plaintiff to a cabin unaffected by these noxious fumes despite other cabins being available and Defendant moving other passengers who requested to be moved, and/or;

c. Failing to conduct routine deck and engine maintenance so as to prevent noxious diesel fumes from seeping into Plaintiff's cabin, and/or;

d. Telling Plaintiff that there were no cabins that were free of noxious and harmful fuel and/or diesel fumes available to move to when there were such cabins, and in fact other passengers had been moved there, and/or;

e. Failing to maintain an engine and/or fuel system so that noxious and harmful fumes would not circulate in Plaintiff's cabin, and/or;

22. At all times material, the Defendant either created the dangerous conditions of which Plaintiff complains and/or the dangerous conditions existed for a sufficient period of time that Defendant had constructive knowledge of the dangerous conditions and/or Defendant had actual knowledge of the dangerous conditions hereinbefore alleged in paragraph seven to have caused or contributed to causing Plaintiff's injury.

23. As a result of the foregoing, the Plaintiff was seriously injured when she was caused to breathe noxious fumes in her cabin for four to five days after Defendant refused to

accommodate her requests to move to a safe cabin free from noxious fumes. Plaintiff even advised Defendant that she had pre-existing respiratory conditions that could be and ultimately were affected adversely by the fumes, all to no avail.

24. At all times material hereto, the Plaintiff acted with reasonable care for her own safety.

25. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered a loss of earning capacity. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs. Jury trial is demanded.

COUNT TWO- NEGLIGENT DESIGN AND CONSTRUCTION

26. Plaintiff reavers and realleges Paragraphs 1-12 and 23 as if set forth herein.

27. Defendant CARNIVAL actively participated in the design and construction of the BREEZE. Defendant, through its new-build department and/or dry-dock departments, in-house engineers, architects, designers and others actively participated in the design and construction of the engine and/or fuel system and/or air circulation system which caused or contributed to causing Plaintiff's injury and chose or participated in choosing the materials such as the foregoing.

28. Defendant contracted with design firms to design and construct the engine and/or fuel system, air circulation system and contracted with the shipyard to build and/or overhaul

or reconstruct or modify the ship, stationed representatives at the shipyard(s) to oversee construction and design elements, and through the contract documents and relationship as owner, had the ultimate ability to reject or accept the design, construction and materials used on Plaintiff's cabin where the injuries and incident occurred..

29. Defendant was negligent in the design, construction, inspection and approval process of the ship for failing to select, construct and/or design an engine and/or fuel system and/or air-circulation system which was and is reasonably safe in the circumstances when it was used.

30. Defendant knew or should have known through the exercise of reasonable care in the circumstances that the engine and/or fuel system was not working properly and that the air-circulation system in the cabin would carry noxious and harmful fuel and/or diesel fumes into Plaintiff's passenger cabin. and was unreasonably dangerous to Plaintiff.

31. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered a loss of earning capacity. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

32. At all times material, Plaintiff acted with reasonable care for her own safety.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs. Jury trial is demanded.

**<u>COUNT III-FAILURE TO WARN</u>**

33. Plaintiff reavers and realleges Paragraphs 1-12 and 23 as if set forth herein.

34. The Plaintiff was seriously injured when she was caused to inhale noxious and harmful fuel and diesel fumes in her passenger cabin.

35. The noxious and harmful diesel and/or fuel fumes were noticeable when Plaintiff first occupied the cabin. Plaintiff complained. The presence of the fumes would have been known to Defendant using ordinary reasonable care. Defendant ought to have warned Plaintiff of the existence of the fumes before Plaintiff occupied the cabin.

36. At all times material, Plaintiff was acting with due care for her own safety by simply occupying the passenger cabin to which she was assigned by Defendant.

37. At all times material hereto, Defendant was in direct control of the vessel where Plaintiff was injured.

38. The Defendant failed to use reasonable care in the circumstances by failing to warn Plaintiff that her cabin was filled with noxious fuel and/or diesel fumes.

39. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered a loss of earning capacity. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

40. Defendant knew or should have known through the exercise of reasonable care in the circumstances that the Plaintiff's cabin was unreasonably dangerous to inhabit.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment

interest and costs. Jury trial is demanded.

**COUNT IV-INTENTIONAL MISREPRESENTATION AND RECKLESS AND WANTON CONDUCT**

41. Plaintiff reavers and realleges paragraphs 1-12, 17, 18 and 23 if set forth herein.

42. On at least four separate occasions, Plaintiff went to the Guest Services desk to complain about the harmful conditions in her cabin, as aforesaid.

43. On each occasion, Plaintiff requested to speak with the Guest Services manager and on each occasion Plaintiff was told by a Guest Services Representative that the manager was not available to speak with her. Plaintiff could only speak with a Guest Services Representative who refused to identify herself to Plaintiff.

44. The Guest Services Representative with whom Plaintiff was permitted to speak with repeatedly and specifically told Plaintiff that there were no cabins for Plaintiff to move to that did not have noxious fumes because the "ship was full" and there were no empty cabins. This was a lie.

45. The Guest Services representative, whose identity will be disclosed during discovery when Defendant provides Plaintiff with photographs of the Guest Service Representatives, told Plaintiff that all Defendant could do was "refresh" the room. Refreshing the room merely masked the fumes for a short time and then they returned, every day subjecting Plaintiff to more and more harm.

46. It was only after five days of this refusing to change Plaintiff's cabin after Plaintiff told the Guest Services Representative that she was going to sleep in the Atrium that Defendant suddenly found a cabin for her to move to. The Atrium is a large public area. Plaintiff then found out that other passengers who had similar complaints had already been moved to different cabins when they complained long before Plaintiff.

47. By intentionally refusing to move Plaintiff after it had done so for other passengers and by lying to Plaintiff and telling her there were no cabins to move to when there were, and knowing Plaintiff was susceptible to respiratory illness, Defendant is guilty of reckless and wanton conduct where it was reasonably certain Plaintiff would be injured as a result, justifying the imposition of punitive damages.

48. As a result of the willful and wanton and reckless conduct of the Defendant and its intentional misrepresentations as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered a loss of earning capacity. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages plus punitive damages, costs and pre-judgment interest. Jury trial is demanded.

DATED this 3rd of April, 2017.

HOFFMAN LAW FIRM
PAUL M. HOFFMAN, ESQUIRE
2881 East Oakland Park Boulevard
Fort Lauderdale, FL 33306
Telephone: (954) 707-5040

*/s//Paul M. Hoffman, Esq.*
PAUL M. HOFFMAN
Florida Bar No: 0279897